UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kawo O.F.,

    Petitioner,

v.

Bureau of Customs and Immigration Enforcement,

    Respondent.

Case No. 19-cv-2311 (ECT/ECW)

**REPORT AND RECOMMENDATION**

---

This matter is before the Court on Petitioner Kawo O.F.'s ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Dkt. 1.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends that the Petition be dismissed as moot.

## I.    BACKGROUND

Petitioner Kawo O.F. is a native and citizen of Liberia. (Dkt. 6-1 at 1.) On April 1, 2010, an Immigration Judge ordered Petitioner removed to Liberia. (Dkt. 6 ¶ 4; Dkt. 6-1 at 13.) Petitioner waived his right to appeal the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (Dkt. 6 ¶ 4; Dkt. 6-1 at 13.) On June 30, 2010, Immigration and Customs Enforcement ("ICE") determined that there was no significant likelihood of removal in the reasonably foreseeable future ("SLRRFF") and released Petitioner on an Order of Supervision. (*Id.* ¶ 5.) On January 22, 2019, ICE

Headquarters, Removal and International Operations ("HQ/RIO") determined that SLRRFF existed based on renewed cooperation with the Government of Liberia. (*Id.* ¶ 6.) On February 12, 2019, ICE arrested Petitioner and served him with a Notice of Revocation of Release. (*Id.* ¶ 7.) On May 29, 2019, the Liberian Embassy interviewed Petitioner. (*Id.* ¶ 8; Dkt. 6-2 at 3.) On July 30, 2019, Petitioner filed a Motion to Reopen immigration proceedings and for a Stay of Removal. (Dkt. 6 ¶ 9; Dkt. 6-3 at 2-4.) On August 15, 2019, an Immigration Judge denied Petitioner's Motion to Reopen and Stay of Removal. (*Id.* ¶ 10; Dkt. 6-3 at 2-4.) Shortly thereafter, the Government of Liberia requested additional information in connection with Petitioner's case. (*Id.* ¶ 11.)

Petitioner filed his Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 21, 2019. (Dkt. 1.) Petitioner states that his detention is unlawful because it has exceeded 6 months, and "it is not likely that the petitioner will be removed to Liberia soon." (*Id.* at 7-8.) In his request for relief, Petitioner requested that he "be released immediately from ICE custody." (*Id.* at 9.)

On December 4, 2019, Immigration and Customs Enforcement-Enforcement and Removal ("ICE-ERO") terminated Petitioner's removal proceedings and released Petitioner from immigration custody. (*See* Dkt. 15 at 1 (showing Petitioner "Released" to Fargo, North Dakota because "Proceedings Terminated").) Petitioner did not respond.

## II.   DISCUSSION

The Respondent argues that the Petition should be dismissed as moot because Petitioner's immigration proceedings have been terminated and he was released from custody on December 4, 2019. (Dkt. 14 at 1; Dkt. 15 at 1.) "Article III of the United

2

States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)) (citing U.S. Const. art. III, § 2, cl. 1). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Haden*, 212 F.3d at 469). When a case becomes moot, a federal court cannot "address the merits because any opinion [the court] would issue would be merely advisory." *In re Search Warrants Issued in Connection with Investigation of S. Cent. Career Ctr., W. Plains, Mo. ("In re Search Warrants")*, 487 F.3d 1190, 1192 (8th Cir. 2007) (citing *Haden*, 212 F.3d at 469).

In this case, the case became moot when Petitioner was released from immigration custody because the Court "can no longer grant effective relief" since he is no longer in custody. *See Ali*, 419 F.3d at 723. Accordingly, the Court should not address the merits of his case because any such opinion would be merely advisory. *See In re Search Warrants*, 487 F.3d at 1192.

That said, a court should not dismiss a habeas petition as moot if any of the following exceptions apply:

> (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit.

*Ahmed v. Sessions*, No. 16-CV-02124 (DSD/HB), 2017 WL 3267738, at *2 (D. Minn. July 11, 2017) (quoting *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002)), *R.&R. adopted*, 2017 WL 3268176 (D. Minn. July 31, 2017).

None of those mootness exceptions apply here.  First, there are no surviving secondary or collateral injuries from Petitioner's allegedly unlawful detention.  *Yelengi v. Lynch,* No. 16-cv-2397 (SRN/TNL), 2017 WL 2123927, at *3 (D. Minn. Apr. 26, 2017), *R&R adopted*, 2017 WL 2124398 (D. Minn. May 16, 2017); *Lee v. Sessions*, No. 16-cv-2776 (DWF/SER), 2017 WL 1373873, at *3 (D. Minn. Mar. 9, 2017), *R&R adopted*, 2017 WL 1373259 (D. Minn. Apr. 13, 2017) ("Here, there is no continuing injury based on Lee's conditions of release because they are not a collateral consequence of his allegedly illegal detention, which is the subject of his Petition.").  Petitioner has not identified any cognizable collateral consequences.  Instead, the record indicates that Petitioner's immigration proceedings were terminated, and his release was unconditional. (Dkt. 15 ¶ 3.)  Any continuing injury would follow from the underlying removal order, which no longer stands in this case, rather than Petitioner's allegedly unlawful detention. *See Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) ("The things of which Kargbo complains—being subject to . . . the possibility of being taken back into custody . . . are not consequences of the detentions, but consequences of the removal order.").  Therefore, this exception does not apply here.

As to "a wrong capable of repetition yet evading review," that "exception applies if the matter is too short in duration to be fully litigated before it ends or expires and there is a reasonable expectation that [Petitioner] will be subjected to the same action again."

4

*In re Search Warrants*, 487 F.3d at 1193.  It appears there is nothing further to litigate because the Government has represented that Petitioner's removal proceedings were terminated.  *Ahmed*, 2017 WL 3267738, at *3  ("Because there is nothing further to litigate in Petitioner's case, [this] situation does not apply.").  Further, there is no indication in the record that ICE intends to initiate new removal proceedings against Petitioner and detain him again.  Therefore, the second exception to the mootness doctrine does not apply here.

With respect to the third exception, voluntary cessation of the illegal conduct that may be resumed, Respondents provide little information regarding the circumstances surrounding the termination of Petitioner's immigration proceedings and subsequent release.  Specifically, the Court is unable to discern from the record why Respondent's immigration proceedings were terminated or whether this is a case "in which [Respondents] voluntarily ceased allegedly unlawful conduct but [are] free to restart such conduct at whim."  *See Kargbo*, 2016 WL 3676162, at *2 (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 86, 89 (2013)).  However, even assuming Petitioner were brought back into custody, it apparently would be under a new set of circumstances and facts, and consequently "impossible for the government to repeat the same unlawful conduct that [Petitioner] challenged."  *See id.*  Thus, based on the record before the Court, the voluntary-cessation exception to the mootness doctrine does not apply here.

Finally, the Petition was brought on behalf of the individual Petitioner, not on behalf of a class of individuals.  *See id.*

Accordingly, the Court recommends dismissal of the Petition as moot.

5

### III.   RECOMMENDATION

Based on the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Petitioner Kawo O.F.'s Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1) be **DENIED AS MOOT**.

2. This case be **DISMISSED WITHOUT PREJUDICE**.


DATED: February 10, 2020              *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge


### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).